GLENN W. PETERSON, ESQ. (SBN 126173)
JOY C. ROSENQUIST, ESQ. (SBN 214926)
**MILLSTONE, PETERSON & WATTS, LLP**
*Attorneys at Law*
2267 Lava Ridge Court, Suite 210
Roseville, CA 95661
Telephone No: (916) 780-8222
Fax No: (916) 780-8775

Attorneys for Plaintiff
Infa-Lab, Inc.

MARK LEONARD, ESQ. (SBN 219186)
**DAVIS & LEONARD, LLP**
8880 Cal Center Drive, Suite 180
Sacramento, CA  95826
Telephone No. (916)  362-9000
Fax No. (916)  362-9066

Attorneys for Defendants
Daniel Ma dba KDS Nail International

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

**SACRAMENTO DIVISION**

| | |
|---|---|
| INFA-LAB, INC., a New Jersey corporation, | Case No.  2:07-CV-01270-WBS-EFB |
| Plaintiff, | |
| vs. | **STIPULATION AND PROTECTIVE ORDER REGARDING CONFIDENTIALITY OF DOCUMENTS PRODUCED** |
| KDS NAIL INTERNATIONAL, alias KDS COMPANY, alias KDS LAB, alias KDS; an unincorporated association, form unknown; DAT V. MA, alias DAT VINH MA, alias VINH MA DAT, alias DANIEL V. MA, alias DANIEL MAR, individually and doing business as TEXCHEM CO. and/or TEXCHEM CHEMICAL AND PLASTIC COMPANY and/or KDS LAB; and DOES 1 through 10, INCLUSIVE, | |
| Defendants. | |

Plaintiff Infa-Lab, Inc. ("Infa-Lab") and Defendant Daniel Ma dba KDS Nail International, ("KDS") agree that the Court may issue the following protective order.

**IT IS ORDERED THAT:**

1. Any information, document, or thing produced in connection with this litigation that is reasonably believed by the producing party to contain proprietary or trade secret information may be designated as Confidential Material. Such designation by the producing party shall be made pursuant to a bona fide determination that such materials or information contain or reveal confidential, commercially sensitive or proprietary matters. Such designation may be made by stamping or otherwise marking the material prior to production as follows: "Confidential Material subject to Protective Order." As used herein, Confidential Material, thus designated, may include (a) all papers, tapes, documents (including answers to interrogatories or requests for admission), disks, diskettes, and other tangible things; (b) transcripts of depositions and exhibits thereto; and (c) copies, extracts, and complete or partial summaries prepared from papers, documents or things. Inadvertent failure to designate a document as protected may be corrected by supplemental written notice given as soon as practicable. In the event that either counsel reviewing the Confidential Material disagrees with such a designation as to one or more documents, the party so objecting shall have a right to seek order from the court, pursuant to noticed motion, voiding the designation in whole or in part. However, until such time as the court rules that a particular Confidential Document is not subject to protection, both parties' counsel agree to continue to treat any such designated documents as protected under this Stipulation and Order.

2. Two levels of confidentiality may be used in designating something to be Confidential Material. These levels are "Confidential Material Subject to Protective Order" and "Confidential Material Subject to Protective Order – Trial Attorneys Only."

3. Confidential Material shall be used solely in connection with this litigation, including the preparation for and trial of this case, or any related appellate proceeding, and not for any other purpose, including any business, competitive, or governmental purpose or function.

4. Confidential Material may not be disclosed except as set forth in paragraph 5.

5. Confidential Material may be disclosed only as follows. Confidential Material designated as "Confidential Material Subject to Protective Order" may be disclosed only to the following persons:

        (a)    Counsel of record for any party to this action;

        (b)    Paralegal, stenographic, clerical and secretarial personnel regularly employed by counsel referred to in (a);

        (c)    Court personnel including stenographic reporters engaged in such proceedings as are necessarily incidental to preparation for trial and trial of this action and any mediator and their staff;

        (d)    Any outside expert or consultant retained in connection with this action;

        (e)    Any individual who is a party to this action; and

        (f)    Any officer, director, or employee of a party to this action who is responsible for assisting counsel in this litigation.

Confidential Material designated as "Confidential Material Subject to Protective Order – Trial Attorneys Only" may be disclosed only to the following persons:

        (a)    Counsel of record for any party to this action;

        (b)    Paralegal, stenographic, clerical and secretarial personnel regularly employed by counsel referred to in (a);

        (c)    Court personnel including stenographic reporters engaged in such proceedings as are necessarily incidental to preparation for trial and trial of this action and any mediator and their staff; and

        (d)    Any outside expert or consultant retained in connection with this action.

6.    Each outside expert or consultant, each individual who is a party, and each officer, director, or employee of a party to whom Confidential Material is furnished, shown or disclosed, shall, prior to the time he/she receives such materials, be provided by the person furnishing him/her such material a copy of this Order and agree in writing to be bound by its terms, and shall certify that he/she has carefully read the Order and fully understands its terms. ~~Such person also must consent in writing to be subject to the jurisdiction of the United States District Court, Eastern District of California, with respect to any proceeding relating to enforcement of this Order, including, without limitation, any proceeding relating to contempt of court~~. The agreement incorporating these terms shall be of the form set forth in Exhibit "A" hereto. Counsel making disclosure to any person as

3
STIPULATION AND PROTECTIVE ORDER

described hereinabove shall retain the original executed copy of said agreement until final termination of this litigation.

7. If Confidential Material is disclosed at a deposition, only those persons who are authorized by the terms of this order to receive such material may be present during such time as the Confidential Material is to be disclosed. If any such Confidential Material are to be used during the deposition in this action of any person who is not an officer or employee of defendants or plaintiff, the deponent shall be required to acknowledge on the record that he is aware of and agrees to be bound by the terms of this Order. The portions of the transcripts of all testimony designated as Confidential Material shall be separately bound by the reporter in booklets bearing the appropriate designation. If any document or information designated as Confidential Material pursuant to this Order is used during the course of a deposition herein, that portion of the deposition record reflecting such material shall be stamped with the appropriate designation and access thereto shall be limited pursuant to the terms of this Order.

8. In the event plaintiff or defendants' counsel receives a subpoena ~~or other formal demand from any source whether related to another cause of action, proceeding, investigation or otherwise~~, for the production or disclosure of any Confidential Material that are in such party's counsel's possession or control, that party's counsel shall provide to counsel for the party that has designated the Confidential Material (the "Designating Party") written notice of such subpoena or demand at least 10 days prior to such party's required response to such subpoena or demand and shall not interfere with any action the Designating Party may elect to take to protect the confidentiality of Confidential Material. If, however, a response by counsel receiving the subpoena or demand is required in less than 10 days, counsel shall provide to counsel for the Designating Party immediate notice in writing by facsimile, and by telephone, in order to provide as much time as possible to take action to protect the confidentiality of the Confidential Material and shall not interfere with any action the Designating Party may elect to take to protect the confidentiality of the Confidential Material.

9. ~~Before any materials produced in discovery, answers to interrogatories, responses to requests for admissions, deposition transcripts, or other documents which are designated as~~

4
STIPULATION AND PROTECTIVE ORDER

1  ~~Confidential Material are filed with the Court for any purpose, the party seeking to file such material~~
2  ~~shall seek permission of the Court to file said material under seal. The parties will follow and abide~~
3  ~~by applicable law and local rules with respect to filing documents under seal in this Court.  The~~
4  ~~parties agree to cooperate to the extent possible to expedite the ruling on any such application.~~The
5  ~~trial judge shall decide how Confidential Material are to be introduced at trial~~.  Any requests to seal
6  documents or other information shall be made in accordance with Local Rule 39-141.

7        10.    At the conclusion of the trial and of any appeal or upon other termination of this
8  litigation, all Confidential Material received under the provisions of this Order shall, within thirty
9  (30) days after written request by the producing party, be tendered back to the producing party, or, at
10 the written direction of the producing party, destroyed.  Provisions of this order insofar as they
11 restrict the communication and use of Confidential Material shall, without written permission of the
12 producing party or further order of this Court, continue to be binding on all persons subject to the
13 terms of this Order until further order of this Court.

14       11.    The restrictions on the use of Confidential Material established pursuant to this Order
15 do not apply to the party producing such material.

16       12.    The foregoing is without prejudice to the right of any party (a) to apply to the Court
17 for a further protective order relating to any Confidential Material or relating to any discovery in this
18 litigation; (b) to object to and/or redact the production of documents it considers not subject to
19 discovery; (c) to apply to the Court for an Order requiring the removal of the Confidential Material
20 designation from any documents; and (d) to apply to the Court for an order compelling production of
21 documents or modification of this Order or for any order permitting disclosure of Confidential
22 Material beyond the terms of this Order.

23       13.    If Confidential Material is inadvertently disclosed to any person other than in the
24 manner authorized by this Protective Order, the party responsible for the disclosure must
25 immediately inform the producing party of all pertinent facts relating to such disclosure and shall
26 make every effort to obtain the return of the Confidential Material and to prevent disclosure by each
27 unauthorized person who received such information.

28

14. Nothing in this Protective Order shall bar or otherwise restrict counsel of record for the parties from rendering advice to a party with respect to this action, and in the course thereof, referring to or relying in a general way upon examination of any Confidential Material. However, in rendering such advice and in otherwise communicating with the party, such counsel shall not disclose the contents of any Confidential Material contrary to the terms or intent of this Protective Order.

15. At the conclusion of this action by way of unappealed or unappealable final judgment or settlement of this action, all Confidential Material, including all copies, extracts and summaries and all documents containing information taken therefrom, shall be returned to the Designating Party no later than 30 days after receipt of a written request.

16. ~~In the event additional parties are added to this litigation, and to the extent that Confidential Material are to be disclosed to such party and such party's counsel, each new party's counsel shall sign a duplicate original of this Order and cause the same to be filed with the court prior to such disclosure~~. The parties may file an appropriate request to amend this stipulated protective order in order to bind new, as of yet unidentified parties, to its terms.

17. This Order may be executed in one or more counterparts, each of which shall be deemed an original but all of which together constitute one and the same instrument.

18. ~~It is agreed that a breach of the instant Order by any party or his, her or its attorneys may result in damages that would be impractical or extremely difficult to determine. Because of this difficulty in determining the damages resulting from a breach of this Order, the parties agree that, in the event of such a breach, the Court shall determine the appropriate compensation under the circumstances and the aggrieved party shall be permitted to present evidence to the Court to be considered by the Court in its determination of damages. These damages may be in excess of any granted by statute. If any party to this Order brings a claim that another party or its attorneys have breached the terms of this Order, the prevailing party in that dispute shall be entitled to recover reasonable attorney's fees in addition to any other relief to which he, she or it may be entitled. In addition, a violation of this Order may also subject the breaching party or its attorneys to those remedies available for contempt of Court. The rights and remedies granted in this Order in the event~~

6

STIPULATION AND PROTECTIVE ORDER

1  ~~of breach are cumulative, and the exercise of those rights and remedies shall be without prejudice to~~
2  ~~the enforcement of any other right or remedy available by law or authorized by this Order~~.

3     19.    This Order may be modified by agreement of the parties, subject to approval by the
4  Court.

5  SO AGREED,

6  DATED:  April 3, 2008                    **MILLSTONE PETERSON & WATTS, LLP**
7                                            *ATTORNEYS AT LAW*

8                                            By:      /s/ JOY C. ROSENQUIST
9                                                    JOY C. ROSENQUIST

10                                           Attorneys for Plaintiff Infa-Lab, Inc.

12     I hereby attest that I have on file all holograph signatures for any signatures indicated by a
13  "conformed" signature (/s/) within this e-filed document.

14  **MILLSTONE PETERSON & WATTS, LLP**
    *Attorneys at Law*
15  /s/ Joy C. Rosenquist

17  DATED:  April 3, 2008                    **DAVIS & LEONARD, LLP**

19                                           By:      /s/ MARK R. LEONARD
                                                     MARK R. LEONARD
20                                           **(AS AUTHORIZED ON FEBRUARY 28, 2008)**

21                                           Attorneys for Defendant
                                             Daniel Ma dba KDS Nail International

23     Subject to the modifications indicated above, this stipulated protective order is approved.

24
    SO ORDERED.
25

26  DATED:  April 3, 2008            /s/ Edmund F. Brennan
                                     EDMUND F. BRENNAN
27                                   UNITED STATES MAGISTRATE JUDGE

28

                                    7
STIPULATION AND PROTECTIVE ORDER