UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| INFA-LAB, INC., a New Jersey corporation,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>KDS NAIL INTERNATIONAL, alias KDS COMPANY, alias KDS LAB, alias KDS, an unincorporated association, form unknown; DAT V. MA, alias DAT VINH MA, alias VINH MA DAT, alias DANIEL V. MA, alias DANIEL MAR, individually and doing business as TEXCHEM CO. and/or TEXCHEM CHEMICAL AND PLASTIC COMPANY and/or KDS LAB; and DOES 1 through 10, INCLUSIVE,<br><br>　　　　Defendants.<br>_____/ | NO. CIV. 2:07-01270 WBS EFB<br><br><u>ORDER RE: MOTION FOR LEAVE TO ADD COUNTERCLAIM</u> |

----oo0oo----

　　　　Plaintiff Infa-Lab, Inc., sued defendant Daniel Ma dba KDS Nail International for several violations of the Lanham Act, 15 U.S.C. § 1125, and for unfair competition and false advertising under California Business and Professions Code

1

sections 17200 and 17500. Defendant now seeks leave to add a counterclaim to his pleadings.

I.   <u>Factual and Procedural Background</u>

Plaintiff manufactures a line of cosmetic products under the trademark "Magic Touch," and one of these products is a liquid styptic product called "Skin Protector." (Compl. ¶¶ 7-8.) Plaintiff markets this product with a "trade dress" consisting of a "nonfunctional stylized label, bottle configuration, and color scheme." (<u>Id.</u> ¶ 8.) Defendant allegedly sells a poor-quality imitation of this product called "Radical Touch." (<u>Id.</u> ¶ 10.) Plaintiff contends that the marketing of Radical Touch constitutes a false designation of origin and false advertising under the Lanham Act, 15 U.S.C. § 1125(a)(1)(A), (B), as well as unfair competition and false advertising under California Business and Professions Code sections 17200 and 17500. (<u>Id.</u> ¶¶ 14-15, 21, 27.)

Plaintiff filed its Complaint on June 27, 2007, and defendant answered on July 17, 2007. On August 28, 2007, the court issued its Status (Pretrial Scheduling) Order after reviewing the parties' Joint Status Report. The Order provided that "[n]o further joinder of parties or amendments to pleadings is permitted except with leave of court, good cause having been shown under Fed. R. Civ. P. 16(b)." (Aug. 28, 2007 Status (Pretrial Scheduling) Order 2:4-6.) The court issued an Order with identical language on March 3, 2008, after reviewing the parties' Second Joint Status Report. (<u>See</u> Mar. 3, 2008 Status (Pretrial Scheduling) Order 2:6-8.) According to the court's March 3, 2008 Order, discovery in this case is scheduled for

2

completion on October 31, 2008. (Id. 2:27-3:10.)

More than one year after the court's first Status Order, defendant now moves for leave to supplement his pleadings with a counterclaim for declaratory relief. Specifically, defendant seeks a declaratory judgment that he "has not infringed and is not infringing any protectible trademark or trade dress rights of Infa-Lab on account of KDS' sale of its Radical Touch product." (Mem. in Supp. of Mot. to Add Countercl. Ex. A. 3:25-27.) Defendant requests this relief after obtaining an expert witness's report, which stated that plaintiff "cannot meet its burden to show secondary meaning in its alleged Magic Touch trade dress or trademarks." (Sept. 22, 2008 Leonard Decl. ¶ 2.) The expert's opinion is substantially similar to the ninth affirmative defense in defendant's Answer dated July 17, 2007. (See Answer 4:25-26 ("Defendant alleges that Plaintiff's mark has no secondary meaning.").)

II. Discussion

Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend or supplement the pleadings "'shall be freely given when justice so requires.'" Bowles v. Reade, 198 F.3d 752, 757 (9th Cir. 1999) (quoting Fed. R. Civ. P. 15(a)). However, "[o]nce the district court ha[s] filed a pretrial scheduling order pursuant to Federal Rule of Civil Procedure 16[,] which establishe[s] a timetable for amending pleadings[,] that rule's standards control[]." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607-08 (9th Cir. 1992). Under Rule 16(b), a party seeking leave to amend must demonstrate "good cause." Fed. R. Civ. P. 16(b).

Consistent with Rule 16(b), this court's Status (Pretrial Scheduling) Orders prohibit defendant from supplementing his pleadings with a counterclaim absent leave of the court for good cause. "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." Johnson, 975 F.2d at 609. Generally, "[c]arelessness or oversight is not compatible with a finding of diligence and provides no reason to grant relief." Id. at 607-09. Although the focus of the inquiry is on the moving party's reasons for seeking modification of the scheduling order, "the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion." Id. at 609.

Defendant has failed to show good cause for leave to supplement his pleadings with a counterclaim for declaratory relief. In light of defendant's ninth affirmative defense in his Answer, he cannot now claim that his noncompliance with Rule 16 occurred "because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference." Laureate, 186 F.R.D. at 608 (citing Johnson, 975 F.2d at 609). The expert's report simply supported the position defendant asserted over one year ago; the report did not reveal any unanticipated avenue for relief. Cf. Kalsi v. Forte Sys., LLC, No. 06-2366, 2007 WL 4180158, at * 1 (E.D. Cal. Nov. 26, 2007) (finding good cause under Rule 16(b) to add a defendant to the complaint because "at the time of filing her complaint, plaintiff was unaware of [the new party's] potential liability . . . and only learned the extent of [that party's] role during discovery"); Lewis v. Russell, No. 03-2646,

4

2007 WL 2301797, at *2 (E.D. Cal. Aug. 8, 2007) (finding good cause for plaintiffs to amend their complaint because a new Supreme Court decision had clarified the scope of liability for their cause of action).

If the discovery of additional evidence to support defendant's affirmative defense would have changed his litigation strategy, defendant could have alerted the court to this possibility in the parties' Joint Status Reports. Defendant, however, failed to do so. (See Aug. 27, 2007 Joint Status Report ("Plaintiff and Defendants do not anticipate amending their pleading at this time."); Feb. 25, 2008 Second Joint Status Report (same).)

Despite this lack of diligence, defendant argues that his motion should be granted because his counterclaim will not prejudice plaintiff. "Prejudice may be found where significant or extensive discovery is necessitated by amendment under circumstances where the factual issue has already been litigated or the litigation is radically shifted by the amendment." Robert Half Int'l Inc. v. Murray, No. 07-00799, 2008 WL 2610793, at *6 (E.D. Cal. June 25, 2008). Since defendant's proposed counterclaim involves the same infringement issues as his ninth affirmative defense and plaintiff's case-in-chief, granting leave to amend would be unlikely to prejudice plaintiff. See id. ("Where new issues are substantially related to the issues already in the suit, and the new claims are similar or the same, then the scope of litigation is not greatly altered.").

A court will assess prejudice, however, only where the moving party was diligent in seeking amendment; "if the movant

1  was not diligent, then the inquiry should end." Id. (citing
2  Johnson, 975 F.2d at 609). Therefore, although granting defendant
3  leave to assert a counterclaim will not prejudice plaintiff,
4  defendant's lack of diligence precludes this court from finding
5  the requisite good cause to grant defendant's motion.
6        Even if defendant had been diligent, the court
7  nonetheless questions whether defendant's proposed counterclaim
8  could survive a motion to dismiss. See, e.g., Murray, 2008 WL
9  2610793, at *7 ("An amendment is futile . . . if it would clearly
10 be subject to dismissal."); Capitol Records, Inc. v. Weed, No.
11 06-01124, 2008 WL 1820667, at *2-3 (D. Ariz. Apr. 22, 2008)
12 (denying leave to file a counterclaim for a declaratory judgment
13 of non-infringement of the plaintiff's copyright on futility
14 grounds). Specifically, several district courts in this circuit,
15 as well as in other jurisdictions, have held that a counterclaim
16 for declaratory relief is inappropriate where it is "repetitious
17 of issues already before the court via the complaint of
18 affirmative defenses." Berger v. Seyfarth Shaw, LLP, No.
19 07-05279, 2008 WL 2468478, at *2 (N.D. Cal. June 17, 2008)
20 (quoting OrthoTain, Inc. v. Rocky Mountain Orthodontics, Inc.,
21 No. 05-6656, 2006 WL 3782916, at *3 (N.D. Ill. Dec. 20, 2006)).
22 As defendant concedes, his "counterclaim involves the identical
23 issues that [plaintiff] will have to prove for its claims for
24 trademark and trade dress infringement." (Def.'s Mem. in Supp. of
25 Mot. to Add Countercl. 4:5-6.)
26       Put another way, it is extremely questionable whether
27 adding a counterclaim for declaratory relief would avail
28 defendant of any relief which is not already available to him

6

under the existing pleadings. Declaratory relief is appropriate "(1) when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and (2) when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." Guerra v. Sutton, 783 F.2d 1371, 1376 (9th Cir. 1986). In this case, both aims will be accomplished through litigating plaintiff's case-in-chief and defendant's affirmative defenses. Although defendant "believes" that a declaratory judgment "will be valuable to [his company's] commercial reputation" (Def.'s Mem. in Supp. of Mot. to Add Countercl. 2:24-26), he fails to identify how resolution of his proposed counterclaim will alter the parties' legal relationship in a way different from the resolution of his existing claims.

Accordingly, because defendant has failed to show "good cause" for allowing the proposed counterclaim and because his proposed counterclaim is redundant and unnecessary, this court will deny defendant leave to supplement his pleadings.

IT IS THEREFORE ORDERED that defendant's motion for leave to supplement his pleadings with a counterclaim be, and the same hereby is, DENIED.

DATED:   October 24, 2008

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE