1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

INFA-LAB, INC., a New Jersey
corporation,

                                    NO. CIV. 07-01270 WBS EFB

        Plaintiff,

    v.                              MEMORANDUM AND ORDER RE:
                                    MOTION FOR SUMMARY JUDGMENT
KDS NAIL INTERNATIONAL,
alias KDS COMPANY, alias
KDS LAB, alias KDS, an
unincorporated association,
form unknown; DAT V. MA,
alias DAT VINH MA, alias VINH
MA DAT, alias DANIEL V. MA,
alias DANIEL MAR, individually
and doing business as TEXCHEM
CO. and/or TEXCHEM CHEMICAL
AND PLASTIC COMPANY and/or KDS
LAB; and DOES 1 through 10,
INCLUSIVE,

        Defendants.
_____/

----oo0oo----

        Plaintiff Infa-Lab Inc. sued defendant Daniel Ma dba

KDS Nail International for violations of the Lanham Act, 15

U.S.C. §§ 1051-1129; California's Unfair Competition Law ("UCL"),

Cal. Bus. & Prof. Code §§ 17200-17210; and California's law

prohibiting false advertising, id. §§ 17500-17594.  Defendant now

moves for summary judgment pursuant to Federal Rule of Civil

1

1  Procedure 56(c).[1]

2  I.    Factual and Procedural Background

3          Plaintiff manufactures a line of cosmetic products

4  under the trademark "Magic Touch." (Compl. ¶ 7.) One of these

5  products is a liquid styptic product called "Skin Protector,"

6  which is used by manicurists to treat minor nicks and cuts. (Id.

7  ¶ 8.) Plaintiff markets this product with a "trade dress"

8  consisting of a "nonfunctional stylized label, bottle

9  configuration, and color scheme." (Id.)

10         Defendant allegedly sells an imitation of this product

11 called "Radical Touch." (Id. ¶ 10.) Plaintiff contends that the

12 marketing of Radical Touch constitutes trade dress infringement,

13 false designation of origin, and false advertising under the

14 Lanham Act, 15 U.S.C. § 1125(a), as well as a violation of the

15 UCL and California's law prohibiting false advertising. (Id. ¶¶

16 14-15, 21, 27.) Defendant's activities also allegedly violate

17 the UCL and California's law prohibiting false advertising

18 because Radical Touch "is labeled falsely and unlawfully, in

19 direct violation of federal regulations applicable to [over-the-

20 counter] skin protectant astringent drug products." (Id. ¶ 11.)

21         Plaintiff filed its Complaint on June 27, 2007 (Docket

22 No. 1), and the parties completed discovery on October 31, 2008

23 (Mar. 4, 2008 Status (Pretrial Scheduling) Order 2-3). Presently

24 before the court is defendant's motion for summary judgment

25 pursuant to Federal Rule of Civil Procedure 56(c).

26

27         [1]  Although the Complaint names several defendants,
28 subsequent filings indicate that defendant Daniel Ma dba KDS Nail
   International is the sole defendant in this action.

2

1  II.  <u>Discussion</u>

2       A.  <u>Plaintiff's Claims under the Lanham Act</u>

3            Plaintiff has filed a statement of non-opposition to

4  defendant's motion for summary judgment as to plaintiff's claims

5  of trade dress infringement, false designation of origin, and

6  false advertising under the Lanham Act, 15 U.S.C. § 1125(a).

7  (Docket No. 29).  Accordingly, the court will grant defendant's

8  motion for summary judgment with respect to these claims.  <u>See,</u>

9  <u>e.g.</u>, <u>Estate of Byrd v. Teater</u>, No. 06-900, 2008 WL 4104309, at

10 *1 (E.D. Cal. Sept. 2, 2008) (Wanger, J.).

11      B.  <u>Voluntary Dismissal of Plaintiff's State Law Claims</u>

12           Pursuant to Federal Rule of Civil Procedure 41(a)(2),

13 plaintiff has sought leave to dismiss its state law claims in

14 order to re-file them in state court "on the strength of amended

15 allegations."  (Pl.'s Stmt. of Non-Opp'n 2.)  Rule 41(a)(2)

16 provides that, once a defendant files an answer or motion for

17 summary judgment, "an action may be dismissed at the plaintiff's

18 request only by court order, on terms that the court considers

19 proper."  Although the Ninth Circuit has instructed that Rule

20 41(a) "governs dismissals of <u>entire actions</u>, not of individual

21 claims," <u>Hells Canyon Pres. Council v. U.S. Forest Serv.</u>, 403

22 F.3d 683, 687 (9th Cir. 2005), the court recognizes that in light

23 of plaintiff's concession of its claims under the Lanham Act, the

24 dismissal of plaintiff's state law claims would effectively

25 result in the dismissal of the entire action.

26           A court should permit a plaintiff to dismiss an action

27 under Rule 41(a)(2) unless the defendant will suffer some "plain

28 legal prejudice" as a result.  <u>Smith v. Lenches</u>, 263 F.3d 972,

3

1  975 (9th Cir. 2001); see Stevedoring Servs. of Am. v. Armilla
2  Int'l B.V., 889 F.2d 919, 921 (9th Cir. 1989) (providing that the
3  purpose of Rule 41(a)(2) is "to permit a plaintiff to dismiss an
4  action without prejudice so long as the defendant will not be
5  prejudiced . . . or unfairly affected by dismissal").  Legal
6  prejudice is "prejudice to some legal interest, some legal claim,
7  some legal argument."  Westlands Water Dist. v. United States,
8  100 F.3d 94, 97 (9th Cir. 1996).

9          To support dismissal, plaintiff alludes to "violations
10  of state law not present in this action" (Pl.'s Stmt. of Non-
11  Opp'n 3) but neglects to provide any additional detail.  Rather,
12  plaintiff simply asserts that it should be permitted to re-file
13  the action in state court "without concern that defendant will
14  argue claim or issue preclusion." (Id.)  The same argument could
15  be made in any case where the plaintiff, after discovery has
16  closed, seeks to dismiss his claims without prejudice after
17  defendant has made a meritorious motion for summary judgment,
18  whether plaintiff seeks to re-file in state or federal court.
19  This court expresses no opinion on whether any future claims
20  plaintiff may seek to file would be barred by claim or issue
21  preclusion; the court finds only that plaintiff's desire to re-
22  file does not justify allowing it to voluntarily dismiss its
23  claims at this stage of this proceeding.

24          Under these circumstances, the court finds that
25  defendant would suffer plain legal prejudice by plaintiff's
26  voluntary dismissal.  Defendant has expended considerable effort
27  to defend against this action, and dismissal at this late stage
28  of the litigation would improperly circumvent his pending

4

dispositive motion.  <u>See</u> <u>White v. Donley</u>, No. 05-7728, 2008 WL
4184651, at *3 (C.D. Cal. Sept. 4, 2008) ("[T]he mere temporary
avoidance of a claim-dispositive motion is not a legitimate
reason to seek dismissal . . . indeed, the avoidance of an
adverse ruling is an abusive reason to seek dismissal." (citing
<u>Terravona v. Kincheloe</u>, 852 F.2d 424, 429 (9th Cir. 1988)); <u>see</u>
<u>also</u> <u>Maxum Indem. Ins. Co. v. A-1 All Am. Roofing Co.</u>, No. 07-
55396, 2008 WL 4833004, at *1 (9th Cir. Nov. 3, 2008) ("A
district court may consider whether the plaintiff is requesting a
voluntary dismissal only to avoid a near-certain adverse ruling."
(citing <u>Terrovona</u>, 852 F.2d at 429)); <u>Helio, LLC v. Palm, Inc.</u>,
No. 06-7754, 2007 WL 1063507, at *2 (N.D. Cal. Apr. 9, 2007)
(citing authorities "supporting the proposition that a voluntary
dismissal may not be appropriate where the sole reason for the
plaintiff's request for dismissal is apprehension regarding a
possible adverse ruling on a pending post-trial or dispositive
motion").

          Alternatively, if the court were to construe
plaintiff's request for voluntary dismissal as the withdrawal of
individual state claims, the court would reach the same
conclusion under Federal Rule of Civil Procedure 15.  <u>See</u> <u>Gen.</u>
<u>Signal Corp. v. MCI Telecomms. Corp.</u>, 66 F.3d 1500, 1513 (9th
Cir. 1995) ("[W]e have held that Rule 15, not Rule 41, governs
the situation when a party dismisses some, but not all, of its
claims.").

          Rule 15 provides that leave to amend the pleadings
"'shall be freely given when justice so requires.'"  <u>Bowles v.</u>
<u>Reade</u>, 198 F.3d 752, 757 (9th Cir. 1999) (quoting Fed. R. Civ. P.

1  15(a)).  However, "[o]nce the district court ha[s] filed a

2  pretrial scheduling order pursuant to Federal Rule of Civil

3  Procedure 16[,] which establishe[s] a timetable for amending

4  pleadings[,] that rule's standards control[]."  <u>Johnson v.</u>

5  <u>Mammoth Recreations, Inc.</u>, 975 F.2d 604, 607-08 (9th Cir. 1992).

6  Under Rule 16(b), a party seeking leave to amend must demonstrate

7  "good cause."  "Rule 16(b)'s 'good cause' standard primarily

8  considers the diligence of the party seeking the amendment."

9  <u>Johnson</u>, 975 F.2d at 609.

10        In this case, the court issued two Status (Pretrial

11  Scheduling) Orders on August 29, 2007, and March 4, 2008, each of

12  which provided that "[n]o further . . . amendments to [the]

13  pleadings [would be] permitted except with leave of court, good

14  cause having been shown under Fed. R. Civ. P. 16(b)."  (Docket

15  Nos. 12, 18.)  In its motion, however, plaintiff provides no

16  explanation as to why it could not make its "amended allegations"

17  at an earlier stage in this litigation.  Rather, plaintiff

18  concedes that "the time to amend the [C]omplaint has long

19  passed."  (Pl.'s Stmt. of Non-Opp'n 2-3.)

20        Accordingly, since dismissal of plaintiff's state

21  claims would be improper under either Rule 41 or 15, the court

22  will proceed to adjudicate defendant's motion for summary

23  judgment.

24     C.   <u>Summary Judgment on Plaintiff's State Law Claims</u>

25        Summary judgment is proper "if the pleadings, the

26  discovery and disclosure materials on file, and any affidavits

27  show that there is no genuine issue as to any material fact and

28  that the movant is entitled to judgment as a matter of law."

                                    6

Fed. R. Civ. P. 56(c).  A material fact is one that could affect the outcome of the suit, and a genuine issue is one that could permit a reasonable jury to enter a verdict in the non-moving party's favor.  <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986).  The moving party bears the burden of demonstrating the absence of a genuine issue of material fact.  <u>Id.</u> at 256.  On issues for which the ultimate burden of persuasion at trial lies with the nonmoving party, the moving party bears the initial burden of establishing the absence of a genuine issue of material fact and can satisfy this burden by presenting evidence that negates an essential element of the nonmoving party's case or by demonstrating that the nonmoving party cannot produce evidence to support an essential element of its claim or defense.  <u>Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc.</u>, 210 F.3d 1099, 1102 (9th Cir. 2000).

Once the moving party carries its initial burden, the nonmoving party "may not rely merely on allegations or denials in its own pleading," but must go beyond the pleadings and, "by affidavits or as otherwise provided in [Rule 56,] set out specific facts showing a genuine issue for trial."  Fed. R. Civ. P. 56(e); <u>accord</u> <u>Celotex Corp.</u>, 477 U.S. at 324; <u>Valandingham v. Bojorquez</u>, 866 F.2d 1135, 1137 (9th Cir. 1989).  On those issues for which it will bear the ultimate burden of persuasion at trial, the nonmoving party "must produce evidence to support its claim or defense."  <u>Nissan Fire</u>, 210 F.3d at 1103.

In its inquiry, the court must view any inferences drawn from the underlying facts in the light most favorable to the nonmoving party.  <u>Matsushita Elec. Indus. Co., Ltd. v. Zenith</u>

1   Radio Corp., 475 U.S. 574, 587 (1986).  The court also may not

2   engage in credibility determinations or weigh the evidence, for

3   these are jury functions.  Anderson, 477 U.S. at 255.

4          Having filed a statement of non-opposition to

5   defendant's motion for summary judgment as to all claims under

6   the Lanham Act, plaintiff concedes that its state law claims are

7   now "solely premised on . . . violations of [Food and Drug

8   Administration ("FDA")] labeling regulations and other provisions

9   of the Food, Drug[,] and Cosmetic Act [("FDCA")]."  (Pl.'s Stmt.

10  of Non-Opp'n 3.)  Specifically, plaintiff alleges that

11  defendant's product "is labeled falsely and unlawfully, in direct

12  violation of federal regulations applicable to [over-the-counter]

13  skin protectant astringent drug products" because the product's

14  label "omits required warnings, active ingredients[,] and

15  manufacturer identification."  (Compl. ¶ 11.)

16         "[C]laims that require direct interpretation and

17  application of the FDCA are not properly recognized because such

18  matters are more appropriately addressed by the FDA, especially

19  in light of Congress's intention to repose in that body the task

20  of enforcing the FDCA."  Cottrell, Ltd. v. Biotrol Int'l, Inc.,

21  191 F.3d 1248, 1255 (10th Cir. 1999) (quoting Braintree Labs.,

22  Inc. v. Nephro-Tech, Inc., No. 96-2459, 1997 WL 94237, at *6 (D.

23  Kan. Feb. 26, 1997)); see Sandoz Pharms. Corp. v.

24  Richardson-Vicks, Inc., 902 F.2d 222, 231 (3d Cir. 1990)

25  (holding, with respect to FDA regulations, that it is

26  inappropriate "to determine preemptively how a federal

27  administrative agency will interpret and enforce its own

28  regulations"); Cytosport, Inc. v. Nature's Best, Inc., No. 06-

1799, 2007 WL 1345379, at *2 (E.D. Cal. May 8, 2007) (Levi, J.)
(observing that "courts have dismissed . . . claims that
necessarily require interpreting and applying the FDCA or FDA
regulations").

Here, plaintiff's state law claims are squarely
premised on violations of FDA regulations and provisions of the
FDCA.  Because these claims are "merely vehicles for claims under
the FDCA or FDA regulations," their adjudication "would force the
[c]ourt to rule directly on the legality of [defendant's] conduct
before the FDA has had a chance to do so."  Summit Tech., Inc. v.
High-Line Med. Instruments, Co., 933 F. Supp. 918, 934, 943 (C.D.
Cal. 1996) (internal quotation marks omitted).  This the court
cannot do.  See id. at 943 n.21 ("[A] [p]laintiff may not bring a
§ 17200 claim that is, in fact, an attempt to state a claim under
the federal FDCA.").  Accordingly, since plaintiff cannot prevail
on its state law claims as a matter of law, the court will grant
defendant's motion for summary judgment with respect to these
claims.[2]

IT IS THEREFORE ORDERED that defendant's motion for
summary judgment be, and the same hereby is, GRANTED.

DATED:  January 21, 2009

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

---

[2]    At oral argument, plaintiff conceded that if the court
did not grant leave to dismiss the Complaint, defendant would be
entitled to summary judgment on plaintiff's state law claims.

9