UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

INFA-LAB, INC., a New Jersey corporation,

        Plaintiff,

  v.

KDS NAIL INTERNATIONAL, alias KDS COMPANY, alias KDS LAB, alias KDS, an unincorporated association, form unknown; DAT V. MA, alias DAT VINH MA, alias VINH MA DAT, alias DANIEL V. MA, alias DANIEL MAR, individually and doing business as TEXCHEM CO. and/or TEXCHEM CHEMICAL AND PLASTIC COMPANY and/or KDS LAB; and DOES 1 through 10, INCLUSIVE,

        Defendants.
_____/

NO. CIV. 07-1270 WBS EFB

<u>MEMORANDUM AND ORDER RE:
MOTION FOR ATTORNEY FEES</u>

----oo0oo----

        Plaintiff Infa-Lab Inc. sued defendant Daniel Ma dba KDS Nail International for violations of the Lanham Act, 15 U.S.C. §§ 1051-1129; California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200-17210; and California's False

1

Advertising Law ("FAL"), id. §§ 17500-17594. Having prevailed on his motion for summary judgment (see Docket No. 32), defendant now moves for an award of attorney fees pursuant to section 35(a) of the Lanham Act, 15 U.S.C. 1117(a).[1]

I. Factual and Procedural Background

Plaintiff manufactures a line of cosmetic products under the trademark "Magic Touch." (Compl. ¶ 7.) One of these products is a liquid styptic product called "Skin Protector," which is used by manicurists to treat minor nicks and cuts. (Id. ¶ 8.) Plaintiff markets this product with a "trade dress" consisting of a "nonfunctional stylized label, bottle configuration, and color scheme." (Id.)

Plaintiff filed its Complaint on June 27, 2007, alleging that defendant sold an imitation of this product called "Radical Touch." (Id. ¶ 10.) Plaintiff contended that the marketing of Radical Touch constituted trade dress infringement, false designation of origin, and false advertising under the Lanham Act, 15 U.S.C. § 1125(a), as well as violations of the UCL and FAL. (Id. ¶¶ 14-15, 21, 27.) Defendant's activities also allegedly violated the UCL and FAL because Radical Touch was "labeled falsely and unlawfully, in direct violation of federal regulations applicable to [over-the-counter] skin protectant astringent drug products." (Id. ¶ 11.) After alternative dispute resolution proved unsuccessful (see Joint Status Report (Docket No. 16) at 4), the parties completed discovery on October

---

[1] Although the Complaint named several defendants, subsequent filings indicate that defendant Daniel Ma dba KDS Nail International is the sole defendant in this action.

31, 2008.

Defendant subsequently moved for summary judgment pursuant to Federal Rule of Civil Procedure 56 and, in response, plaintiff filed a statement of non-opposition to summary judgment on its Lanham Act claims and requested leave to dismiss its remaining state law claims in order to re-file them in state court. The court denied plaintiff's request and granted summary judgment for defendant on all claims. Defendant now moves for an award of attorney fees pursuant to section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a).

II. Discussion

Section 35(a) of the Lanham Act provides that "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." 15 U.S.C. § 1117(a). This provision was intended to protect innocent defendants "against unfounded suits brought by trademark owners for harassment and the like." S. Rep. No. 93-1400 (1974), as reprinted in 1974 U.S.C.C.A.N. 7132, 7136. Cases are "exceptional" where the prevailing defendant shows that the plaintiff's claims were "either 'groundless, unreasonable, vexatious, or pursued in bad faith.'" Cairns v. Franklin Mint Co., 292 F.3d 1139, 1156 (9th Cir. 2002) (quoting Avery Dennison Corp. v. Sumpton, 189 F.3d 868, 881 (9th Cir. 1999)).

"The terms 'groundless' and 'unreasonable' reflect the objective merits of the case, and emphasize that it is not enough that the plaintiff does not prevail. Rather, to be an 'exceptional' case within the meaning of the statute, the plaintiff's suit must lack any reasonable foundation." Nat'l

Ass'n of Prof'l Baseball Leagues, Inc. v. Very Minor Leagues, Inc., 223 F.3d 1143, 1147 (10th Cir. 2000); see CG Roxane LLC v. Fiji Water Co. LLC, No. 07-2258, 2008 WL 4542803, at *2 (N.D. Cal. Oct. 10, 2008) ("[P]revailing on the merits alone does not create a presumption that the suit was vexatious or in bad faith."). "Not surprisingly, under this standard, defendants are 'rarely' awarded attorney fees in trademark infringement cases." Yellow Cab Co. of Sacramento v. Yellow Cab Co. of Elk Grove, Inc., No. 02-704, 2007 WL 988054, at *2 (E.D. Cal. Mar. 30, 2007) (Damrell, J.) (quoting Banff, Ltd. v. Colberts, Inc., 810 F. Supp. 79, 80 n.2 (S.D.N.Y. 1992)). Indeed, courts "must be cautious in identifying a time when a case becomes 'exceptional' . . . . Litigation has its vagaries, and the prosecution of trademark rights must be robust and unchilled by the prospect of fee-shifting in the ordinary unsuccessful case." J & J Snack Foods, Corp. v. Earthgrains Co., No. 00-6230, 2003 WL 21051711, at *6 n.23 (D.N.J. May 9, 2003).

As an initial matter, the court observes that defendant does not contend that plaintiff brought this action in bad faith. Rather, defendant's motion is primarily based on plaintiff's "failure to provide evidence in support of its claims, and the fact that it did not challenge . . . [defendant's] motion for summary judgment." (Def.'s Mot. Att'y Fees 1:5-8.) Although plaintiff's lack of evidence and its non-opposition to defendant's motion for summary judgment may be indicative of an "unreasonable" case, these facts alone are not "compelling proof that this suit was groundless." CG Roxane LLC, 2008 WL 4542803, at *2 (citing Applied Info. Scis. Corp. v. eBay, Inc., 511 F.3d

966, 973 (9th Cir. 2007)); see Kowalski v. Ocean Duke Corp., No. 04-55, 2008 WL 903103, at *2 (D. Haw. Apr. 2, 2008) (denying defendant's motion for attorney fees despite plaintiff's failure to conduct consumer surveys or provide sufficient evidence at trial for claims to reach the jury).  Rather, to demonstrate that a case is sufficiently "groundless" as to merit attorney fees under the Lanham Act, courts often look to whether plaintiff "pursu[ed] . . . a legal theory that plaintiff either knew or should have known was untenable." Contractual Obligation Prods., LLC v. AMC Networks, Inc., 546 F. Supp. 2d 120, 129 (S.D.N.Y. 2008).

Decisions awarding attorney's fees under the Lanham Act also suggest that the filing of a statement of non-opposition should not be met with immediate reproach.  Rather, a plaintiff who realizes that his or her claim lacks merit should be encouraged to concede this fact; doing so should not conclusively brand a plaintiff's claim as "unreasonable or groundless." See, e.g., Spalding Labs., Inc. v. Ariz. Biological Control, Inc., No. 06-1157, 2008 WL 2227501, at *1 (C.D. Cal. May 29, 2008) (awarding attorney fees where, "[i]nstead of acknowledging the flaws in its case, [plaintiff] pressed forward and required [defendant] to litigate for 10 days in front of a jury"); J & J Snack Foods, 2003 WL 21051711, at *5 ("Plaintiff should have either made the necessary changes to its case to ensure that it would have merit, or should have withdrawn its action."); see also Love v. Mail on Sunday, No. 05-7798, 2007 WL 2709975, at *6 (C.D. Cal. Sept. 7, 2007) (awarding attorney fees where plaintiff had "unreasonably and vexatiously . . . lengthened or multiplied

both [d]efendants' and [the court's] work").

Here, after receiving defendant's motion for summary judgment, plaintiff asserts that it realized that its state law claims were preempted because they were based on violations of Food and Drug Administration regulations. (Peterson Decl. ¶ 34.)[2] Plaintiff originally had sought to prosecute these violations through California's UCL and FAL and the Lanham Act's prohibition against false advertising. (See Compl. ¶¶ 20, 25-27.) Plaintiff viewed its state law allegations as its strongest claims and thus elected to forego costly consumer surveys to support its trade dress infringement claim, relying instead on "'proof of intentional copying by the defendant.'" (See Peterson Decl. ¶¶ 13-14, 39-40, 42 (quoting Filipino Yellow Pages, Inc. v. Asian Journal Publ'ns, Inc., 198 F.3d 1143, 1151 (9th Cir. 1999)).) However, when plaintiff discovered that its state law claims were preempted, it concluded that proceeding further was economically and legally unjustified. (Id. ¶¶ 39-40, 42.) As a

---

[2] Defendant has lodged twenty-eight evidentiary objections to plaintiff's counsel's declaration and an exhibit attached thereto. (Def.'s Reply Attach. 2.) Defendant contends that the evidence provided by plaintiff's counsel is irrelevant, lacks foundation, and/or is inadmissible hearsay. These objections are structured as though plaintiff's counsel sought to offer this evidence against defendant on summary judgment or at trial; the court, however, views the declaration and exhibit as demonstrating what plaintiff's counsel perceived his evidence to be and explaining why he prosecuted this action the way he did. In this context, therefore, the contested portions of the declaration and exhibit are relevant, plaintiff's counsel has personal knowledge of the information contained therein, and certain out-of-court statements in these documents are not offered to prove what they assert. Similarly, the report of plaintiff's expert Jean Clark (Peterson Decl. Ex. D) need not satisfy the dictates of Federal Rule of Evidence 702 in order to apprise the court of plaintiff counsel's litigation strategy in this case. Accordingly, defendant's evidentiary objections are overruled.

6

result, plaintiff did not oppose summary judgment on the Lanham Act claims and sought leave to file its state law claims in state court "on the strength of amended allegations." (Pl.'s Stmt. of Non-Opp'n (Docket No. 29) at 2.)

Defendant argues that the proffered infringement theory was "groundless or unreasonable" because "proof of intentional copying" would only establish one of the three elements of trade dress infringement (secondary meaning); plaintiff would still need to demonstrate that its trade dress was non-functional and that there was a likelihood of confusion between the products. (Def.'s Reply 3-4 (citing Kendall-Jackson Winery, Ltd. v. E. & J. Gallo Winery, 150 F.3d 1042, 1046-47 (9th Cir. 1998).) Even if this shortcoming would render plaintiff's case "groundless or unreasonable," the alleged deficiency is not readily apparent; ample caselaw provides that product-labeling may be non-functional, see, e.g., Aromatique, Inc. v. Gold Seal, Inc., 28 F.3d 863, 875 (8th Cir. 1994) (noting "features of the trade dress that may be considered distinctive and nonfunctional, namely the shape of the label"), and plaintiff indicates that it had anecdotal evidence of confusion between the products, (see Peterson Decl. ¶ 4); Nora Beverages, Inc. v. Perrier Group of Am., Inc., 269 F.3d 114, 124 (2d Cir. 2001) ("[A]necdotal evidence is admissible to establish actual consumer confusion."). Had plaintiff opposed summary judgment in this case, these issues could have at least raised debatable questions of fact. CG Roxane LLC, 2008 WL 4542803, at *2 ("When a case raises debatable issues of fact, it is not groundless or unreasonable.").

In a declaration, defense counsel states that, in the

context of the court's voluntary dispute resolution program ("VDRP"), he told plaintiff's counsel that he "believed [plaintiff's] claim for false advertising was fatally defective" and "had found authorities holding that whether a product is properly labeled under FDA standards is not properly decided by a district court in a Lanham Act case." (Leonard Decl. ¶ 2; see Def.'s Reply Attach. 1.) Plaintiff's counsel similarly refers to VDRP negotiations, contending that "defendant proposed a new label for consideration" and "would not have [done so] had it truly believed plaintiff's claims were without support." (Peterson Decl. ¶ 42.)

Whether or not this evidence is properly before the court,[3] alleged statements and posturing in the context of settlement negotiations can hardly provide "compelling proof" that a plaintiff "acted capriciously, pursued litigation to harass the defendant, or intended to bring a meritless or unreasonable case." CG Roxane LLC, 2008 WL 4542803, at *2 (citing Applied Info. Scis. Corp., 511 F.3d at 973). Indeed, even where Supreme Court caselaw has rendered a plaintiff's claim "fruitless and perhaps groundless," courts have denied attorney fees absent any "direct evidence . . . that [p]laintiff's counsel

---

[3] Statements made during VDRP negotiations are typically considered privileged and confidential. See Eastern District Local Rule 16-271(m). Furthermore, although defense counsel offers his own statements from VDRP negotiations as evidence, he objects to plaintiff's counsel's proffer of the same pursuant Federal Rule of Evidence 408. (See Def.'s Reply Attach 1 Ex. A; id. Attach. 2 at 15); see also Fed. R. Evid. 408(a)(2) (barring "conduct or statements made in compromise negotiations" offered "to impeach through a . . . contradiction"). Because the court does not rely on this evidence to reach its decision, it declines to rule on these objections.

was aware" of this fact "and still proceeded in bad faith or vexatiously." Perlan Therapeutics, Inc. v. Nexbio, Inc., No. 05-1855, 2007 WL 935619, at *4 (S.D. Cal. Mar. 19, 2007) (emphasis added); accord AMC Networks, Inc., 546 F. Supp. 2d at 131.

Ultimately, the circumstances of this case indicate that it is not so "exceptional" as to justify an award of attorney fees pursuant to section 35(a) of the Lanham Act. Accordingly, the court will deny plaintiff's motion.

IT IS THEREFORE ORDERED that defendant's motion for attorney fees be, and the same hereby is, DENIED.

DATED: April 1, 2009

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE